**Walter M. Yoka, Bar #94536**
*wyoka@yokasmith.com*
**David T. McCann, Bar #115971**
*dtmccann@yokasmith.com*
**Alice Chen Smith, Bar #251654**
*asmith@yokasmith.com*
**R. Bryan Martin, Bar #221684**
*bmartin@yokasmith.com*
**Davida M. Frieman, Bar #232096**
*dfrieman@yokasmith.com*
**YOKA & SMITH, LLP**
445 South Figueroa St., 38th Floor
Los Angeles, California 90071
Phone:  (213) 427-2300
Fax:     (213) 427-2330

Attorneys for Defendants/Cross-Claimants, NUTRIBULLET, LLC and CAPITAL BRANDS, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| ANDREW LEAHY, an individual | Case No.:  2:19-cv-07376-DDP-SS |
| Plaintiffs, | District Judge: Hon. Dean D. Pregerson |
| | Magistrate: Hon. Suzanne H. Segal |
| vs. | |
| NUTRIBULLET, L.L.C., a California Limited Liability Company; CAPITAL BRANDS, L.L.C., a California Limited Liability Company; HOMELAND HOUSEWARES, L.L.C., a California Limited Liability Company; CALL TO ACTION, L.L.C., a California Limited Liability Company; NUTRILIVING, L.L.C., AMAZON.COM SERVICES, INC., a Delaware corporation, JAZZER SHACK, L.L.C., a New Jersey Limited Liability Company, and Does 1 through | **NUTRIBULLET, LLC AND CAPITAL BRANDS, LLC'S CROSS-CLAIM AGAINST JAZZER SHACK, LLC AND DOES 1 THROUGH 50, INCLUSIVE FOR:** |
| | **1) EQUITABLE INDEMNITY** |
| | **2) DECLARATORY RELIEF** |
| | **3) PATENT INFRINGEMENT** |
| | **4) TRADEMARK INFRINGEMENT** |
| | **5) UNFAIR COMPETITION** |
| | **6) FALSE DESIGNATION OF ORIGIN** |
| | **7) FEDERAL UNFAIR COMPETITION AND TRADEMARK** |

1

| | |
|---|---|
| 10, inclusive, | ) **INFRINGEMENT** |
| | ) **8) UNFAIR BUSINESS PRACTICES** |
| Defendants. | ) **9) COPYRIGHT INFRINGEMENT** |
| _____ | ) |
| NUTRIBULLET, LLC; CAPITAL | ) [Fed. R. Civ. P. 13(g)] |
| BRANDS, LLC'S | ) |
| Cross-Claimants, | ) [**JURY TRIAL DEMANDED**] |
| vs. | ) |
| | ) Complaint Filed:   August 26, 2019 |
| JAZZER SHACK, LLC | ) First Amended Complaint Filed: |
| and Does 1 through 50, inclusive | ) September 11, 2019 |
| | ) Trial Date:   TBD |
| Cross-Defendants, | ) |
| | ) |
| _____ | ) |

COMES NOW, Defendants, Cross-Claimants NUTRIBULLET, LLC,
CAPITAL BRANDS, LLC, (collectively "Cross-Claimants"), for their Cross-claim
against Cross-Defendant JAZZER SHACK, LLC ("Cross-Defendant") for
Indemnification, Declaratory Relief, Patent Infringement, Unfair Competition,
Trademark Dilution, Violations of the Lanham Act, Copyright Infringement and Unfair
Business Practices as follows:

## INTRODUCTION

1.     This action seeks damages for Indemnification, Declaratory Relief,
Patent Infringement, Unfair Competition, Trademark Dilution, Violations of the
Lanham Act, Copyright Infringement and Unfair Business Practices relating to the sale
of counterfeit NutriBullet blenders and the injuries Plaintiff alleges he suffered as a
result of the use of a counterfeit blender.

2.     The NutriBullet Product lines are a novel invention conceived in
California and marketed internationally.  When the NutriBullet was released it was well
received by the consuming public and had significant sales.

///

3.     The NutriBullet Product line has had commercial success both in the United States and internationally.  Cross-Claimants acquired patents and trademarks to protect the valuable intellectual property associated with their products.

## JURISDICTION AND VENUE

4.     As alleged in the operative complaint, this Court has jurisdiction over Plaintiff Andrew Leahy's ("Plaintiff") claims because they include an amount in controversy exceeding the $75,000 minimal jurisdictional requirement, exclusive of costs and attorney's fees pursuant to 28 U.S.C. §1332(a)(2).

5.     The claims asserted in this Cross-Claim, which are asserted under California and Federal law, arise out of the same facts and circumstances as those of Plaintiff's FAC, so the Court may exercise supplemental jurisdiction over them under 28 U.S.C. § 1367(a).

6.     This Court has jurisdiction over Cross-Claimants' Patent Act and Lanham Act claims.  This Court has pendent jurisdiction on all state law claims.

7.     Plaintiff sued all Defendants named in this Cross-Claim in his First Amended Complaint, Docket No. 26 ("FAC"), a copy of which is attached as Exhibit "A".  This Cross-Claim is brought properly pursuant to Federal Rules of Civil Procedure Rule 13(g), which provides that a defendant may state as a cross-claim any claim against a co-party if the claim arises out of the transaction or occurrence that is the subject matter of the original action, including a claim that the co-party is or may be liable to the cross-claimants for all or part of a claim asserted in the action against the cross-claimant.

8.     Venue is proper under 42 U.S.C. § 1391(b)(1) because Cross-Claimants are residents and have their primary place of business in the State of California, in which this district is located.

9.     Venue is proper under 42 U.S.C. § 1391(b)(1) because Cross-Defendant is a New Jersey Limited Liability Company pursuant to the laws of the State of New Jersey and has its principal place of business located in the State of New Jersey.

## PARTIES

10.    At all relevant times, NutriBullet, LLC is a California Limited Liability Corporation with its principal place of business in Los Angeles, California.

11.    At all relevant times, Capital Brands, LLC is a California Limited Liability Company, with its principal place of business in Los Angeles, California.

12.    At all relevant times, Defendant and Cross-Defendant Jazzer Shack, LLC is a New Jersey Limited Liability Company, with its principal place of business in Lakewood, New Jersey.  Jazzer Shack, LLC is engaged in the business of distributing, offering to sell, and selling products such as counterfeit NutriBullet products.

13.    The true names and capacities, whether individual, corporate, associate or otherwise, of Jazzer Shack, LLC named herein as DOES 1 through 50, inclusive, are unknown to Cross-Claimants, who therefore sue said Cross-Defendants by such fictitious names.  Cross-Claimants will seek leave of Court to amend this Cross-Claim to show their true names and capacities when the same have been ascertained.

14.    The corporate officers and directors of Jazzer Shack, LLC directed and controlled the infringing activity of importation of counterfeit products.   Cross-Claimants will seek amendment of this Cross-Claim to include the corporate officers and directors of Jazzer Shack, LLC as parties who are personally liable for this infringing activity.

## FACTUAL ALLEGATIONS

### Cross-Claimants and their Well-Known Brands and Products

15.    In the FAC, Plaintiff alleges, among other things, that the action arises from Plaintiff's use of a defective NutriBullet 600 blender ("Subject Blender") resulting in serious bodily injuries.

16.    Cross-Claimant NutriBullet is in the business of placing genuine nutrient extractors marketed under the NutriBullet® brand name into the stream of commerce.

17.    Capital Brands is in the business of promoting, distributing and selling genuine NutriBullet® brand nutrient extractors, including the NutriBullet 600.  Cross-Claimants' products and marks have achieved great success since their introduction.

18.    Cross-Claimants' products have earned a reputation for innovation, quality and performance.  Cross-Claimants have spent substantial time, money and effort in developing consumer recognition and awareness of Cross-Claimants' marks and products.  Cross-Claimants have spent an enormous amount of money on print, Internet, and television advertising in order to inform consumers of the benefits of NutriBullet® branded products and services.

19.    Through the extensive use of Cross-Claimants' marks, Cross-Claimants have built up and developed significant goodwill in their entire product line.  A wide array of catalogues, newspapers, magazines and television networks have included Cross-Claimants' products' advertising, which are immediately identified by Cross-Claimants' marks.

20.    As a result of Cross-Claimants' efforts, the quality of Cross-Claimants' products, the high degree of promotion and the quality and popularity of Cross-Claimants' products, Cross-Claimants' trademarks have been prominently placed in the minds of the public.  Consumers, purchasers and the members of the public have become familiar with Cross-Claimants' intellectual property and products and have come to recognize Cross-Claimants' marks and products and associate them exclusively with Cross-Claimants.  Cross-Claimants have acquired a valuable reputation and goodwill among the public as a result of such association in the United States and internationally.

### Cross-Claimants' Intellectual Property

21.    While Cross-Claimants have gained significant common law trademark and other rights in their branded products and services through their use, advertising and promotion, Cross-Claimants have also protected their valuable rights by filing for and obtaining numerous federal intellectual property registrations.  This includes

registrations for the following non-exhaustive list of Cross-Claimants' registered intellectual property that was violated in this case:

    a. "BULLET" no. 4768521;

    b. "NUTRIBULLET" no. 4889548;

    c. "NUTRI BULLET" no. 4161917;

    d. "NUTRI BULLET" (logo) no. 4316614;

    e. "BLENDER BASE" (trade dress) no. 4416702;

    f. "MAGIC BULLET" no. 2947492;

    g. "MAGIC BULLET" (logo) no. 2947494;

    h. Design Patents nos: "D532,255"; "D500,633"; "D517,862"; "D501,759"; "D554,427"; "D586,620"; "D737,629"; and

    i. Copyright nos: "VA-1-826-296"; "TX-7-557-487"; "TX-8-015-349"; and "TX-7-949-842".

22.    Cross-Claimants have never authorized or consented to Cross-Defendants' use of Cross-Claimants' intellectual property, or any confusingly similar marks. Also, Cross-Claimants have never authorized Cross-Defendants to copy, manufacture, import, market, sell, or distribute any of Cross-Claimants' products.

**Cross-Defendants' Wrongful Conduct and The Underlying Action**

23.    In light of the success of Cross-Claimants and their products, as well as the reputation they have gained, Cross-Claimants and their products have become targets for unscrupulous individuals and entities who wish to take a "free ride" on their goodwill, reputation and fame. Cross-Claimants have spent considerable effort and resources to build up their products, marks and reputation.

24.    A large number of these individuals and entities deal in pirated and counterfeit products featuring Cross-Claimants' intellectual property. Their actions vary and include manufacturing, copying, exporting, importing, advertising, promoting, offering for sale, selling, and distributing, often dangerous, counterfeit and otherwise unauthorized products.

25.     Cross-Claimants are informed and believe that Cross-Defendants have individually and collectively purchased, imported, acquired, offered for sale, sold, and/or otherwise dealt in counterfeit NutriBullet® products and accessories that infringe upon Cross-Claimants' intellectual property rights. The packaging, user guide and recipe books included with the counterfeit products are verbatim copies of Cross-Claimants' copyrighted material.

26.     Plaintiff alleges he received the Subject Blender (also referenced herein as the "Counterfeit Product") as a gift from a friend who purchased the Subject Blender on June 29, 2016, on Amazon.com.

27.     Plaintiff alleges the Subject Blender was purchased under order number 109-706580-7511449 from Defendant and Cross-Defendant Jazzer Shack, a third-party seller who used Amazon.com's marketplace to distribute various products to potential buyers.

28.     Third-party vendors will provide Amazon with a description of the product they are selling, including its brand, model, dimensions, and weight.  Pursuant to the Agreement, the vendor must also provide Amazon with digital images of the product, as well as any other information Amazon reasonably requests.

29.     Amazon formats the product's listing on its website.  Amazon retains the right to determine the content, appearance, design, functionality, and all other aspects of the services it provides, including by redesigning, modifying, removing, or restricting access to any of them.  The Agreement provides Amazon a royalty-free, non-exclusive, worldwide, perpetual, irrevocable right and license to commercially or non-commercially exploit in any manner, the information provided by third-party vendors.

30.     Third-party vendors can choose which, if any, of Amazon's other services it will use in conjunction with listing its product on Amazon's website.  Third-party vendors may use Amazon's fulfillment services, in which Amazon takes physical possession of third-party vendors' products and ships those products to consumers. Cross-Defendant Jazzer Shack utilized this fulfillment service.

NUTRIBULLET, LLC'S AND CAPITAL BRANDS, LLC'S CROSS-CLAIM AGAINST JAZZER SHACK, LLC

31.    Third-party vendors are prohibited from offering inferior customer service or providing lower quality information about products than in other sales channels.  Third-party vendors must communicate with customers regarding their orders through the Amazon platform.

32.    Cross-Defendants have registered, maintained, and are responsible for the third-party registration listed on Amazon's Marketplace as Jazzer Shack.  Jazzer Shack used the Marketplace to advertise, offer for sale, sell and distribute counterfeit products featuring Cross-Claimants' Trademarks and Products, specifically including, but not limited to, the NutriBullet 600, as well as Cross-Claimants' corresponding logos, to consumers.

33.    This Marketplace has expressly targeted foreseeable purchasers in the State of California and shipped product from outside the state, to consumers within California.  But for Cross-Defendants' advertising, soliciting, and selling of counterfeit products featuring Cross-Claimants' intellectual property, Plaintiff would not have been able to purchase the Subject Blender.

34.    Cross-Defendants' online commercial transactions are accomplished through the payment processing services located at Amazon.com, which is provided by Amazon.  Using the Amazon Marketplace, purchasers of products can transfer funds to sellers, electronically and online.

35.    On December 31, 2017, Plaintiff alleges he was using the Subject Blender to prepare a leek puree consisting of vegetable broth, leeks, and potatoes. Plaintiff blended the ingredients for about less than thirty (30) seconds.  Plaintiff further alleges that as the Subject Blender ran, the friction and resulting heat from the rapidly spinning blades caused the pressure in the canister to build up.  As Plaintiff blended, he alleges the Subject Blender separated and the now scalding contents erupted causing injuries to Plaintiff.

36.    Plaintiff alleges the Subject Blender contained product defects in its design including defective plastic materials in the canister.

37.     Photographs of the Subject Blender were inspected to determine its authenticity.  Investigators determined it was a counterfeit unit that was not produced or sold by Cross-Claimants.  The Subject Blender, "Model HP1409" does not exist in Cross-Claimants' product line.  The Subject Blender does not have two engravings with manufacturing and model information around the perimeter that Cross-Claimants' authentic products have.  The Subject Blender's warning label does not provide the correct warning that Cross-Claimants' authentic products have.  The Subject Blender's blade assembly was made with the wrong plastic relative to Cross-Claimants' authentic products.  The Subject Blender's metal center gear has a smaller diameter than Cross-Claimants' authentic product.  The Subject Blender does not have any factory engravings present.  The Subject Blender blade heights do not match those of Cross-Claimants' products.  The bottom of the Subject Blender is distinguishable from Cross-Claimant's authentic products.  The Counterfeit Product has a serial number similar to those used by Cross-Claimants.

38.     By this sale and others, Cross-Defendants violated and continue to violate Cross-Claimants' exclusive intellectual property rights.  Cross-Claimants' creation, and use of the marks began long before Cross-Defendants' improper adoption and use of the intellectual property, and after Cross-Claimants obtained the intellectual property registrations alleged above, and after Cross-Claimants' marks became famous. Cross-Defendants had knowledge of Cross-Claimants' ownership of the intellectual property, and of the fame in such property, prior to the actions alleged herein, and adopted them in bad faith and with intent to cause confusion, tarnish, counterfeit and dilute Cross-Claimants' marks and products.  Neither Cross-Claimants nor any authorized agents have consented to Cross-Defendants' use of Cross-Claimants' intellectual property in the manner complained of herein.

39.     Cross-Defendants committed these acts with the intent to dilute Cross-Claimants' marks, to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Cross-

NUTRIBULLET, LLC'S AND CAPITAL BRANDS, LLC'S CROSS-CLAIM AGAINST JAZZER SHACK, LLC

Defendants, and/or Cross-Defendants' counterfeit and unauthorized goods.  By their wrongful conduct, Cross-Defendants have traded upon and diminished Cross-Claimants' goodwill and reputation.

40.   The Counterfeit Products sold by Cross-Defendants appear to be designed to look identical to genuine NutriBullet® products.

41.   The Subject Blender was stamped with the trademarked NutriBullet® logo and is the same shape and size as a genuine NutriBullet 600 product.  The Counterfeit Product also has similar coloring.

42.   Cross-Defendants' Counterfeit Products misappropriate the NutriBullet Trademarks, Copyrights and Patents.

43.   By introducing and selling counterfeit NutriBullet® branded products, Cross-Defendants consciously and knowingly disregarded the safety of its consumers and yet collected profits from the sale of the Counterfeit Products.  Cross-Defendants purchased and distributed counterfeit products knowingly or in conscious disregard for the safety of its' consumers and in violation of Cross-Claimant's trademarks and patents.

44.   In committing these acts, Cross-Defendants have, among other things, willfully and in bad faith committed the following acts, all of which have and will continue to cause irreparable harm to Cross-Claimants: (i) infringed, tarnished, diluted Cross-Claimants' rights in Cross-Claimants' Trademarks and Patents; (ii) applied counterfeit marks; (iii) misled the public into believing there is an association or connection between Cross-Defendants and Cross-Claimants and/or the products advertised and sold by Cross-Defendants and Cross-Plaintiffs; (iv) used false designations of origin on or in connection with its goods and services; (v) engaged in unfair competition; (vi) committed the act of counterfeiting; and (vii) unfairly profited from such improper activity.  Unless enjoined, Cross-Defendants will continue to cause irreparable harm to Cross-Claimants.

NUTRIBULLET, LLC'S AND CAPITAL BRANDS, LLC'S CROSS-CLAIM AGAINST JAZZER SHACK, LLC

45.     Cross-Claimants are informed and believe and thereon allege that each of such fictitiously named Cross-Defendants is responsible in some manner for the action and/or omissions described herein and that Cross-Claimants' losses as described herein were proximately caused by the acts and/or omissions of Cross-Defendants, and each of them.

46.     On or about September 12, 2019, Plaintiff filed his FAC in United States District Court for the Central District of California against Cross-Claimants and others for causes of action including: negligence (first cause of action); strict liability – failure to warn (second cause of action); strict liability – manufacturing defect (third cause of action); strict liability – design defect (fourth cause of action); breach of implied warranty of merchantability (fifth cause of action); and unfair competition in violation of California *Business & Professional Code* Section 17200, et seq. (sixth cause of action.)  Plaintiff claims that he was physically injured as a result of using the Subject Blender.  Plaintiff seeks damages for lost wages; loss of future earnings; reimbursement of medical and other related bills; future medical bills; loss of household services; general damages; punitive and exemplary damages; an order requiring Cross-Claimants to provide notice of inherent dangers to their products; costs and attorneys' fees; special damages; and any further relief the Court deems just and proper.

## **FIRST CLAIM FOR RELIEF**

### **(Equitable Indemnity Against All Cross-Defendants)**

47.     Cross-Claimants incorporate and reallege paragraphs 1 through 46 of this Cross-Claim as though fully set forth herein.

48.     Plaintiff alleges in his FAC that, due to the defects contained within the Subject Blender, Plaintiff suffered physical injuries, and was otherwise damaged.

49.     As set forth in their Answer to the FAC, Cross-Claimants denied and still deny they produced and distributed the Subject Blender, and further deny they are responsible or liable for any costs and damages, or that they are in any way subject to any of the relief requested in the FAC.

NUTRIBULLET, LLC'S AND CAPITAL BRANDS, LLC'S CROSS-CLAIM AGAINST JAZZER SHACK, LLC

50.     However, should Cross-Claimants be found liable for any injury and/or damages arising from the allegations in the FAC, Cross-Defendants are at fault, fully or in part, for any such injury and/or damages as distributors of the Subject Blender under the doctrine of equitable indemnity.

51.     By reasons of the above, Cross-Defendants are partially or fully responsible for any and all claims, losses, damages, attorney's fees, or costs that the Cross-Claimants may be required to pay as a result of the facts and circumstances raised in the FAC under said California and Federal law claims, and the Cross-Claimants are entitled to equitable indemnification in full or in part from Cross-Defendants for any and all claims, losses, damages, attorney's fees, or costs that the Cross-Claimants are required to pay as a result of the facts and circumstances alleged in the FAC.

## SECOND CLAIM FOR RELIEF

**(For Declaratory Relief Under 28 U.S.C. § 2201 and Cal. Code Civ. Proc. § 1060 Against All Cross-Defendants)**

52.     Cross-Claimants incorporate and reallege paragraphs 1 through 52 of this Cross-Claim as though fully set forth herein.

53.     An actual controversy exists between the Cross-Claimants and the Cross-Defendants in that Cross-Claimants contend that, if they are required to pay any claims, losses, damages, attorney's fees, or costs as a result of the facts and circumstances alleged in the FAC as to Plaintiff's claims, each of the Cross-Defendants are aiders and abettors, intentional joint tortfeasors and co-conspirators as to Cross-Claimants alleged wrongdoing, and must indemnify the Cross-Claimants for any such amounts, in whole or in part, under the doctrine of equitable indemnity as to said claims.

54.     Without a judicial declaration setting forth the parties' respective rights and obligations concerning these obligations and legal duties, a multiplicity of actions may result.  Therefore, Cross-Claimants request a determination of the obligations of each of the Cross-Defendants, and each of them, to equitably indemnify the Cross-

NUTRIBULLET, LLC'S AND CAPITAL BRANDS, LLC'S CROSS-CLAIM AGAINST JAZZER SHACK, LLC

Claimants for any and all claims, losses, damages, attorney's fees, or costs that they are required to pay as a result of the facts and circumstances raised by Plaintiff in his FAC.

## THIRD CLAIM FOR RELIEF

**(Patent Infringement Under 35 U.S.C. §§ 271, 283, 284, 285, 289, et seq. Against All Cross-Defendants)**

55.    Cross-Claimants incorporate and reallege paragraphs 1 through 54 of this Cross-Claim as though fully set forth herein.

56.    Cross-Claimants are the owner of the U.S. Design Patents nos. D532,255; D500,633; D517,862; D501,759; D554,427; D586,620; and D737,629 (the "Patents").

57.    Cross-Defendants have imported, offered to sell, sold, distributed, and caused to be manufactured counterfeit products that infringe at least one claim of the Patents.

58.    In particular, Cross-Defendants advertised, sold and distributed a counterfeit NutriBullet 600 to Plaintiff as identified in the underlying FAC.

59.    Cross-Defendants committed the patent infringement with full knowledge of the existence of these patents.

60.    Cross-Claimants are informed and believe, and thereon allege, that Cross-Defendants have derived and received, and will continue to derive and receive gains, profits and advantages from the aforesaid acts of infringement in an amount that is not presently known to Cross-Claimants.  Due to the aforesaid infringing acts, Cross-Claimants have been damaged and are entitled to monetary relief in an amount to be determined at trial.

61.    Due to the above-described infringing acts, Cross-Claimants have suffered and continue to suffer great and irreparable injury, for which Cross-Claimants have no adequate remedy at law.

////

////

## FOURTH CLAIM FOR RELIEF

## (Trademark Counterfeiting and Infringement Under 15 U.S.C. §1114 Against All Cross-Defendants)

62.     Cross-Claimants incorporate and reallege paragraphs 1 through 61 of this Cross-Claim as though fully set forth herein.

63.     The use of the Cross-Claimants' Trademarks and Trade Dress by Cross-Defendants on the Counterfeit Products, which Cross-Defendants developed, distributed, offered for sale and sold, tends to and is more than likely to confuse and deceive consumers into believing that the counterfeit products are genuine.  In fact, the purported products supplied by Cross-Defendant are not genuine products and bear counterfeit and infringing subpar copies of Cross-Claimants' Trademarks.

64.     Cross-Defendants' acts have been committed without Cross-Claimants' consent.  Cross-Defendants' acts are likely to cause confusion and mistake in the purchasing publics' minds and falsely create the impression that the counterfeit products sold by Cross-Defendants are manufactured, distributed, warranted, authorized, sponsored, or approved by Cross-Claimants when, in fact, they are not.

65.     Cross-Claimants have suffered damages in the form of increased costs, reduced revenue, damage to reputation and this action, and will continue to do so as Cross-Defendants continue their infringing and counterfeiting activities.

66.     As a proximate result of its wrongful conduct, Cross-Defendants have been unjustly enriched as alleged above.  Cross-Claimants demand and are entitled to an accounting from Cross-Defendants, including all information necessary to permit Cross-Claimants to determine the gains, profits and advantages that Cross-Defendants have obtained by reason of their wrongful conduct described herein.

67.     Cross-Claimants have no adequate remedy at law. Monetary compensation will not provide adequate relief.  Cross-Defendants' acts and omissions will engender the need for a multiplicity of judicial proceedings and will cause damages to Cross-Claimants that are difficult, if not impossible, to measure.  Unless Cross-

NUTRIBULLET, LLC'S AND CAPITAL BRANDS, LLC'S CROSS-CLAIM AGAINST JAZZER SHACK, LLC

Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, including infringing Cross-Claimants' Trademarks and other intellectual property, Cross-Claimants will continue to suffer irreparable harm.  Injunctive relief is therefore appropriate pursuant to 15 U.S.C. § 1116 to prevent Cross-Defendants from engaging in any further violations of 15 U.S.C. § 1114.

68.     Cross-Defendants' activities complained of herein constitute willful and intentional counterfeiting infringement of Counter-Claimants' Trademarks in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114.  Cross-Defendants' willful counterfeiting and infringement is evidenced by the Subject Blender's similar appearance.  Cross-Defendants' activities are in total disregard of Cross-Claimants' rights.  As a result, Cross-Claimants are further entitled to damages and remedies as provided by 15 U.S.C. §§ 1116 and 1117.

## FIFTH CLAIM FOR RELIEF

### (Trademark Infringement and Unfair Competition Under 15 U.S.C. § 1125 Against All Cross-Defendants)

69.     Cross-Claimants incorporate and reallege paragraphs 1 through 68 of this Cross-Claim as though fully set forth herein.

70.     The NutriBullet® Trade Dress and unregistered trademarks have acquired secondary meaning and are uniquely associated with Cross-Claimants in the minds of consumers.

71.     Cross-Defendants' use of trade dress elements identical to those used in the NutriBullet® Trade Dress for packaging the counterfeit products infringes on the NutriBullet® Trade Dress by confusing and deceiving consumers as to the source or sponsorship of the counterfeit products.  Cross-Defendants' use of names and marks that are identical to NutriBullet's registered and unregistered trademarks infringes those marks by confusing and deceiving consumers as to the source or sponsorship of the counterfeit products.  Cross-Defendants' conduct constitutes trademark infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

72.     Cross-Defendants' acts have caused and will continue to cause injuries to Cross-Claimants' businesses, reputation, goodwill and property.

73.     Cross-Claimants have suffered damages in the form of increased costs, damage to reputation, and reduced revenue.

74.     Cross-Defendants have been unjustly enriched as a proximate result of their wrongful conduct.  Cross-Claimants are entitled to an accounting from Cross-Defendants, including all information necessary to permit Cross-Claimants to determine the gains, profits and advantages that Cross-Defendants have obtained by reason of their wrongful conduct described herein.

75.     Cross-Defendants are engaging in the conduct described herein, knowingly, intentionally and willfully intended to trade on Cross-Claimants' reputation and goodwill, NutriBullet's unregistered trademarks, NutriBullet's Trade Dress and NutriBullet's products, and to cause Cross-Claimants' damages.  As such, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) and damages should be trebled and attorneys' fees awarded.

### SIXTH CLAIM FOR RELIEF

**(False Designation of Origin and False Representation (15 U.S.C. § 1125(a))**

**Against All Cross-Defendants)**

76.     Cross-Claimants incorporate and reallege paragraphs 1 through 75 of this Cross-Claim as though fully set forth herein.

77.     As alleged herein, Cross-Defendants' conduct constitutes a false designation of origin and a false representation that the counterfeit products are sponsored by, associated with and or produced by Cross-Claimants.

78.     Cross-Claimants have suffered increased costs, reduced revenue, and other unknown damages as a result of Cross-Defendants' conduct.

79.     Cross-Defendants have been unjustly enriched as a proximate result of their wrongful conduct alleged above.  Cross-Claimants demand and are entitled to an accounting from Cross-Defendants, including all information necessary to permit

NUTRIBULLET, LLC'S AND CAPITAL BRANDS, LLC'S CROSS-CLAIM AGAINST JAZZER SHACK, LLC

Cross-Claimants to determine the gains, profits and advantages that Cross-Defendants have obtained by reason of their wrongful conduct described herein.

80.   Cross-Claimants have no adequate remedy at law. Monetary compensation will not afford Cross-Claimant adequate relief.  Cross-Defendants' acts and omissions will engender the need for a multiplicity of judicial proceedings and will cause damages to Cross-Claimants that are difficult, if not impossible, to measure. Unless Cross-Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, including the false designation of origin and false representation, Cross-Claimants will continue to suffer irreparable harm.  Injunctive relief is appropriate pursuant to 15 U.S.C. § 1116 to prevent Cross-Defendants from engaging in any further violations of 15 U.S.C. § 1125(a).

81.   Cross-Defendants' activities constitute willful and intentional trademark infringement in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1125(a).   Cross-Defendants' willfulness is evidenced by the counterfeit products' similar appearances, false designations of origin and false representations.   Cross-Defendants activities are in total disregard to Cross-Claimants' rights.  Cross-Claimants are entitled to damages as provided by 15 U.S.C. §§ 1116 and 1117.

## SEVENTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition Against All Cross-Defendants)

82.   Cross-Claimants incorporate and reallege paragraphs 1 through 81 of this Cross-Claim as though fully set forth herein.

83.   Cross-Defendants used unfair trade practices to develop, manufacture and sell counterfeit products in competition with Cross-Claimants.

84.   This common law unfair competition includes, but is not limited to, the following separate activities:

a.  developing counterfeit products;

b.  marketing and advertising counterfeit products;

c.  transportation and delivery of counterfeit products;

d.  distribution and sale of counterfeit products; and

e.  other such unfair competition acts.

85.     As a proximate result of their wrongful conduct, Cross-Defendants have been unjustly enriched.  Cross-Claimants demand and are entitled to an accounting from Cross-Defendants, including all information necessary to permit Cross-Claimants to determine the gains, profits and advantages that Cross-Defendants have obtained by reason of its wrongful conduct described herein.

86.     Cross-Claimants have no adequate remedy at law.  Monetary compensation will not afford Cross-Claimants adequate relief.  Cross-Defendants' acts and omissions will engender the need for a multiplicity of judicial proceedings and will cause further damages that are difficult, if not impossible, to measure.  Unless Cross-Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, Cross-Claimants will continue to suffer irreparable harm.  Injunctive relief is therefore appropriate to prevent Cross-Defendants from engaging in any further acts of unfair competition.

87.     Cross-Defendants' conduct is fraudulent, malicious and oppressive. Cross-Defendants have engaged in the illegal development, transportation, delivery, distribution and sale of counterfeit products.  Cross-Defendants' conduct complained of is despicable.  Its conduct subjects Cross-Claimants to cruel and unjust hardship by which their rights are brazenly attacked and stolen.  Cross-Defendants' conduct is done willfully and Cross-Defendants engaged in their misconduct in conscious disregard of Cross-Claimants' rights.   Punitive damages should be awarded to punish Cross-Defendants and deter similar conduct in the future.

////

////

////

////

NUTRIBULLET, LLC'S AND CAPITAL BRANDS, LLC'S CROSS-CLAIM AGAINST JAZZER SHACK, LLC

### EIGHTH CLAIM FOR RELIEF

**(Statutory Unfair Competition and False Advertising Under Cal. Bus. & Prof. Code § 17200 et seq. Against All Cross-Defendants)**

88.     Cross-Claimants incorporate and reallege paragraphs 1 through 87 of this Cross-Claim as though fully set forth herein.

89.     By marketing, advertising, promoting, selling and/or otherwise dealing with the counterfeit products featuring Cross-Claimants' intellectual property, Cross-Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the California *Business & Professions Code* § 17200 et seq.

90.     Cross-Defendants' marketing, advertising, promoting, selling and/or otherwise dealing with the counterfeit products featuring Cross-Claimants' intellectual property is in violation and derogation of Cross-Claimants' rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Cross-Defendants, thereby causing loss, damage and injury to Cross-Claimants and to the purchasing public, including Plaintiff. Cross-Defendants' conduct was intended to cause such loss, damage, and injury.

91.     Cross-Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit product would cause confusion mistake or deception among purchasers, users and the public.

92.     By marketing, advertising, promoting, selling and/or otherwise dealing with,  and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Cross-Claimants' marks and products, Cross-Defendants intended to, did and will continue to induce customers to purchase its false and counterfeit products by trading off Cross-Claimants' extensive goodwill and reputation built up by their intellectual property.

93.    Cross-Defendants' conduct has been knowing, deliberate, willful, and intended to cause confusion, or to cause mistake or to deceive, and in disregard of Cross-Claimants' rights.

94.    Cross-Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Cross-Claimants' nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Cross-Defendants' wrongful conduct, as alleged herein, Cross-Claimants' have been and will be deprived of substantial sales of their products in an amount as yet unknown but to be determined at trial.  Cross-Claimants' seek restitution in this matter, including an order granting Cross-Defendants' profits stemming from its infringing activity, and their actual and/or compensatory damages.

95.    Cross-Claimants have no adequate remedy at law for Cross-Defendants' continuing violation of their rights set forth above.  Cross-Claimants seek injunctive relief.

### NINTH CLAIM FOR RELIEF

### (Copyright Infringement under 17 U.S.C. 501, et seq. Against All Cross-Defendants)

96.    Cross-Claimants incorporate and reallege paragraphs 1 through 95 of this Cross-Claim as though fully set forth herein.

97.    The packaging, user guide, and recipe book sold along with the Counterfeit Products constitute copyrightable subject matter under United States law. Cross-Claimants obtained the United States Copyright registration numbers described above for their NutriBullet product lines.

98.    Cross-Claimants are the exclusive owners of the copyrights.  No license or authorization has ever been granted to the Cross-Defendants to use any of the copyrighted works or materials.

99.    Cross-Defendants have imported, offered to sell, sold, distributed, and caused to be manufactured, without authorization and without license from Cross-

Claimants, products that bear the infringing material on product cases, in literature, and on other websites.

100.    Such copyright infringement was intentional and willful.   Cross-Defendants deliberately and directly used the artwork created by Cross-Claimants on their products.

101.    Use of this copyrighted material has resulted in damages to Cross-Claimants both in the form of lost profits and other damages.   If the Cross-Defendants use of copyright and labels continues, Cross-Claimants will suffer irreparable harm of a continuing nature for which there is no plain, speedy or adequate remedy at law.   Cross-Defendants' acts of copyright infringement will continue unless they are enjoined from further committing wrongful acts.

102.    Cross-Claimants have sustained injury, loss and damage to its ownership rights and Cross-Defendants have unlawfully, unfairly and wrongfully derived and will continue to derive income from these infringing acts.   Cross-Defendants are being unjustly enriched.

103.    Cross-Claimant's have been injured in their business in an amount according to proof.   Cross-Claimants are presently unaware of the full extent and amount of their damages as a result of Cross-Defendants' conduct.

## **PRAYER**

WHEREFORE, Cross-Claimants pray:

1.    For a judgment that the Cross-Defendants indemnify the Cross-Claimants, and each of them, for all or part of any and all claims, losses, damages, attorney's fees or costs that the Cross-Claimants may be required to pay as a result of the facts and circumstances raised in Plaintiff's FAC; and for a Declaration as to the same;

2.    For preliminary and permanent injunctive relief against Cross-Defendants, and its officers, agents, attorneys, representatives and assigns, and all persons acting in active concert or participation with them, from doing any of the

NUTRIBULLET, LLC'S AND CAPITAL BRANDS, LLC'S CROSS-CLAIM AGAINST JAZZER SHACK, LLC

1  following acts, either directly or indirectly, and from doing any act prefatory to the
2  prohibited acts:

3          a.      Developing, manufacturing, marketing, advertising, acquiring,
4  transporting, distributing, developing, offering to sell or selling any Counterfeit
5  Products bearing any counterfeit NutriBullet Copyright, Trademark or any counterfeit
6  unregistered NutriBullet Trademark or any counterfeit NutriBullet Dress;

7          b.      Using any NutriBullet Copyright, Trademark or any unregistered
8  NutriBullet Trademark or any NutriBullet Trade Dress in connection with its business;

9          c.      Otherwise infringing any NutriBullet Copyright, Trademark or
10  any unregistered NutriBullet Trademark or any NutriBullet Trade Dress; Causing
11  likelihood of confusion, deception, or mistake as to the source, nature, or quality of
12  Cross-Defendant's goods;

13          d.      Using any false designation of origin or false representation
14  concerning any NutriBullet® product;

15          e.      Misrepresenting to anyone that it is an authorized Nutribullet
16  manufacturer or distributor;

17          f.      Misrepresenting to anyone that it can carry, distribute or sell
18  genuine NutriBullet® products or that it obtains its products directly from NutriBullet;

19          g.      Selling and distributing damaged and or inferior NutriBullet®
20  products;

21          h.      Any acts of unfair competition or unfair practices involving or
22  affecting any NutriBullet Copyright, Trademark or any unregistered NutriBullet
23  Trademark or any NutriBullet Trade Dress or any NutriBullet® product; and

24          i.      Soliciting, assisting, aiding or abetting any other person or
25  business entity in engaging in or performing any of the activities referred to in the
26  above subparagraphs "a" through "h".

27          3.      For an order directing Cross-Defendants to file with this Court and serve
28  on Cross-Claimants within 30 days after service of an injunction, a report in writing

NUTRIBULLET, LLC'S AND CAPITAL BRANDS, LLC'S CROSS-CLAIM AGAINST JAZZER
SHACK, LLC

under oath, setting forth in detail the manner and form in which Cross-Defendants have complied with the injunction;

4.   For an order requiring Cross-Defendants to deliver to Cross-Claimants:

a.   All products, literature, and other material bearing any counterfeit NutriBullet Copyright, Trademark or any unregistered NutriBullet Trademark or any NutriBullet Trade Dress or any other infringement of Counter-Claimants' intellectual property or which falsely identifies the source of any products; and

b.   Printing devices, packaging, advertising or any other items used in the manufacture, publicity, advertising or sale of products bearing any counterfeits of any NutriBullet Copyright, Trademark or any unregistered Nutribullet Trademark or any NutriBullet Trade Dress.

5.   For an order requiring Cross-Defendants to account for all sales and transfers of any counterfeit products, including an order that it submits to Cross-Claimants immediately all records of all purchases, sales, and other materials pertaining to the acquisition and distributing of counterfeit products;

6.   For an accounting from Cross-Defendants of all profits, monies and advantages that Cross-Defendants have obtained by reason of its wrongful conduct;

7.   For a seizure of all counterfeit products;

8.   For expedited discovery on the subject of the suppliers, manufacturers and purchasers of Cross-Defendants counterfeit products in order that Cross-Claimants can quickly locate the source and locations of these illegal products;

9.   For damages and remedies as provided by 15 U.S.C. §§ 1116 & 1117; including statutory damages as provided by 15 U.S.C. § 1117 (c) (1) & (2);

10.   For damages and remedies as provided by 15 U.S.C. § 1125;

11.   For damages and remedies as provided by 17 U.S.C. §§ 502-505;

12.   For damages and remedies as provided by 19 U.S.C. § 1526;

13.  For damages according to proof and for all gains, profits, or advantages derived by Cross-Defendants by their unfair trade practices and unfair competition to the fullest extent allowed by common law;

14.  For an order requiring that all gains, profits, or advantages derived by Cross-Defendants by their wrongful conduct be disgorged to Cross-Claimants to the fullest extent allowed by law;

15.  For punitive and exemplary damages in an amount sufficient to punish Cross-Defendants and deter such conduct in the future;

16.  For attorneys' fees;

17.  For costs; and

18.  For such other and further relief as the Court deems just and proper.


DATED: November 6, 2019                    **YOKA & SMITH, LLP**

By:   /s/  DAVIDA M. FRIEMAN
**Walter M. Yoka,**
*wyoka@yokasmith.com*
**David T. McCann,**
*dtmccann@yokasmith.com*
**R. Bryan Martin,**
*bmartin@yokasmith.com*
**Alice Chen Smith,**
*asmith@yokasmith.com*
**Davida M. Frieman,**
*dfrieman@yokasmith.com*

Attorneys for Defendants and Cross-Claimants, NUTRIBULLET, LLC and CAPITAL BRANDS, LLC.

## <u>DEMAND FOR JURY TRIAL</u>

Defendants NUTRIBULLET, LLC and CAPITAL BRANDS, LLC; hereby demand a trial by jury as to all of causes of action properly triable by jury.

DATED: November 6, 2019                                    **YOKA & SMITH, LLP**

By:   <u>/s/  DAVIDA M. FRIEMAN</u>
**Walter M. Yoka,**
**David T. McCann**
**R. Bryan Martin,**
**Alice Chen Smith,**
**Davida M. Frieman**

Attorneys for Defendants and Cross-Claimants, NUTRIBULLET, LLC and CAPITAL BRANDS, LLC.