O

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11 ANDREW LEAHY, an individual          )  Case No.  2:19-cv-07376-DDP (SSx)
                                        )
12                      Plaintiff,      )  **ORDER DENYING CROSS-**
                                        )  **DEFENDANT'S MOTION TO**
13                                      )  **DISMISS THE FIRST TWO CLAIMS**
14      v.                              )  **FOR RELIEF OF THE CROSS-CLAIM**
                                        )  **OF CROSS-CLAIMANTS**
15 NUTRIBULLET, L.L.C., *et al.*,       )  **NUTRIBULLET, LLC AND CAPITAL**
                                        )  **BRANDS, LLC**
16                      Defendants.     )
17                                      )
18 _____      )  [Dkt. 78]

19

20          Presently before the court is Cross-Defendant Jazzer Shack, LLC ("Cross-

21 Defendant" or "Jazzer Shack")'s Motion to Dismiss Cross-Claimants Nutribullet, LLC

22 and Capital Brands, LLC (collectively, "Cross-Claimants" or "Nutribullet")'s First Two

23 Claims for relief.  (Dkt. 78, Mot. to Dismiss ("MTD").)  Having considered the

24 submissions of the parties, the court DENIES the motion and adopts the following order.

25 **I. BACKGROUND**

26          Plaintiff Andrew Leahy ("Plaintiff") brought an underlying product liability

27 action against Defendants Nutribullet, LLC; Capital Brands, LLC; Homeland

28 Housewares, LLC; Call to Action, LLC; and Nutriliving, LLC, Amazon.com Services, Inc.,

and Jazzer Shack, LLC (collectively "Defendants").  (Dkt. 9, First Amended Compl. ("FAC").)  Plaintiff alleged that he was injured when using Defendants' product, the Nutribullet 600 blender.  (*Id.* ¶ 9 "Subject Blender".)  Plaintiff alleged that he "received the [Subject Blender] as a gift from a friend who purchased the blender on June 29, 2016 on Amazon.com . . . from Defendant Jazzer Shack, a third-party seller who utilized Amazon.com's marketplace to distribute various products to potential buyers all over the world."  (*Id.* ¶ 10.)

Nutribullet subsequently filed a Cross-Complaint alleging that Jazzer Shack "purchased, imported, acquired, offered for sale, sold, and/or otherwise dealt in counterfeit NutriBullet® products and accessories that infringe upon Cross-Claimants' intellectual property rights." (Dkt. 50, Cross-Compl. ¶ 25.)  Specifically, Nutribullet alleges that the Subject Blender in the underlying Complaint, which Plaintiff alleged to have caused him injuries, is a "counterfeit unit that was not produced or sold by [Nutribullet]."  (*Id.* ¶ 37.)  Nutribullet alleges that by the sale of the subject Nutribullet Blender and others, "[Jazzer Shack] violated and continue[s] to violate Cross-Claimants' exclusive intellectual property rights."  (*Id.* ¶ 38.)

The Cross-Complaint raises the following causes of action: (1) equitable indemnity; (2) declaratory relief; (3) patent infringement; (4) trademark counterfeiting and infringement; (5) trademark infringement and unfair competition; (6) false designation of origin; (7) common law trademark infringement; (8) statutory unfair competition and false advertising; and (9) copyright infringement.  (*See* Cross-Compl.)

Jazzer Shack now moves to dismiss the first and second causes of action.  (MTD.)

## II. LEGAL STANDARD

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of

material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." *Id.* at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. *Id.* at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id.* at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." *Twombly*, 550 U.S. at 555, 556. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## III. DISCUSSION

Jazzer Shack moves to dismiss Nutribullet's first and second causes of action for equitable indemnity and the second cause of action for declaratory relief that Nutribullet is entitled to equitable relief. (*See* MTD.) Jazzer Shack argues that "if in fact [Nutribullet] [is] correct and the blender in question was not a genuine product designed, manufactured and marketed by them, then [Nutribullet] can have no possible liability to plaintiff and thus no claim against Jazzer Shack for equitable indemnity." (*Id.* at 2-3.) Jazzer Shack then argues, alternatively, that "if the product that injured plaintiff was a genuine product . . . by [Nutribullet], then, under the holding in *Bailey*, Jazzer Shack, as the retailer, could not be liable in equitable indemnity to [Nutribullet], which designed, manufactured and marketed the offending blender. (*Id.* at 3:3-7 (citing *Bailey v. Safeway, Inc.*, 199 Cal. App. 4th 206 (2011)).

3

"Under the equitable indemnity doctrine, defendants are entitled to seek apportionment of loss between the wrongdoers in proportion to their relative culpability so there will be 'equitable sharing of loss between multiple tortfeasors.'" *Gem Developers v. Hallcraft Homes of San Diego, Inc.*, 213 Cal. App. 3d 419, 426 (1989) (emphasis omitted) (quoting *American Motorcycle Assn. v. Superior Court*, 20 Cal. 3d 578, 597(1978)). "The right to indemnity flows from payment of a joint legal obligation on another's behalf." *Bailey*, 199 Cal. App. 4th at 212. In a product liability action, notwithstanding a defectively manufactured product, a retailer may also be liable to a plaintiff for the retailer's acts or omissions. *See id.* at 214. Therefore, a manufacturer may seek equitable indemnity against a retailer who is independently at fault for plaintiff's injuries. *Safeway Stores, Inc. v. Nest-Kart*, 21 Cal. 3d 322, 325-26 (1978); *Bailey*, 199 Cal. App. at 215.

First, Jazzer Shack appears to argue that Nutribullet's equitable indemnity claim is inconsistent with the allegations that the Subject Blender is a counterfeit. (MTD at 2-3.) However, Nutribullet is entitled to allege equitable indemnity as an alternative theory of liability. *See* Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of inconsistency.") Therefore, at the pleading stage, Nutribullet may pursue an equitable indemnity claim even if it is inconsistent with the counterfeiting claim.

Second, Jazzer Shack's reliance on *Bailey* at the pleading stage is misplaced. In *Bailey*, the California Court of Appeals rejected the manufacturer's equitable indemnity claim against a retailer because a jury had found that the retailer was not "negligent or independently at fault, but found to be liable solely under the strict liability theory of design defect." *Bailey*, 199 Cal. App. 4th at 215. Unlike in *Bailey*, there is no jury finding at this stage. Accordingly, at this stage, Nutribullet, the manufacturer, may pursue a claim for equitable indemnity against Jazzer Shack, the retailer. Whether the manufacturer ultimately succeeds in showing that the retailer was independently negligent or at fault cannot be determined at the pleading stage.

4

The court concludes that the first and second causes of action are sufficiently pled.

**IV. CONCLUSION**

The court denies the Motion to Dismiss the first and second causes of action.

**IT IS SO ORDERED.**

Dated: March 12, 2021

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE